Reed, J.
delivered the opinion of the court.
Plaintiff, in error was plaintiff below, and brought suit on two promissory notes given for nursery stock. The case being an appeal from a justice of the peace, there were no written pleadings. The notes were put in evidence and the plaintiff rested.
The defendant was sworn and gave testimony and- produced eight or ten witnesses, who also testified; but as to what they testified and what the nature of the defense was, we are wholly uninformed. There is no bill of exceptions contained in the transcript sent up. The case was tried to the court and resulted in a judgment of $100 and costs against the plaintiff for labor, loss of growth of the trees, damages, etc. From this we presume — and it rests entirely in presumption — the suit being between the original parties, that the defense was want of consideration, and that the defendant’s judgment against the plaintiff was based upon the breach of some warranty, resulting in damage. Several errors are assigned, but their consideration is impossible for want of data. It is ably urged in argument that the court erred in allowing parol evidence to overcome the absolute agreement to pay, contained in the notes. Judging from the'result, we conclude such was not the course pursued, but that the defense was want of consideration, which is always available to a defendant while the note remains the property of the payee.
*159 The legal presumption always being in favor of the regularity and correctness of judgments — -with no means of knowing upon what the judgment for damages against the plaintiff was predicated, or what the • evidence in support of it was — the presumption must prevail in regard to its validity.
The judgment must be affirmed.
Affirmed.